Peaeson, C. J,
 

 The main purpose of the bill is to have an account and settlement of the firm of “Tomlinson
 
 &
 
 Clay-well.” In order to effect this, it was absolutely necessary to have an account of the debts, &c., which had been conveyed by the firm in trust for the payment of certain of its creditors, because, until it was known how much had been realized of this trust fund, or what application had been made of the sums collected, the condition of the firm could not be ascertained, and of course, the business could not be closed. The same considerations are appropriate to the notos taken for the stock on hand, which were placed in the hands of the defendant, Benham, as collateral security to him and for the the greater part of which, other notes and cash were after-wards substituted. A settlement of the firm necessarily involved all of these transactions, so that it is not true, that the bill covers several distinct and independent subjects of controversy and the demurrer cannot be sustained on the ground of “ multifariousness.” The maker of a deed of trust for the payment of debts, in consequence of his continuing liability
 
 *320
 

 to
 
 the creditors for whom the deed is collateral security, and of his resulting trust, is entitled to an account from the trustees, and may sustain a bill without making the secured creditors parties; lie may join them if he chooses, but the trustee has no right to object, if the relation is treated as one of speL cial personal confidence between him and the trustor, to' which the duty of rendering an account is necessarily incident.
 

 The trustor has a right to be informed, what amount of the fund has been realized, which of the debts have been paid, and what other disposition has been made of the amounts collected and reduced to cash. To a bill, charging gross neglect on the part of a trustee in respect to making collections, waste of the fund by permitting an insolvent party to apply a portion of it to his own use, and fraud, in applying other portions to the individual use of the trustee, by reason of which negligence, waste, and fraudulent misapplication of.the fund, the trustor has been forced to advance a large portion of his individual funds, and one of his sureties upon a debt secured by the trust, has also been forced to pay a large sum, a- demurreron the ground that the creditors named in the deed and particularly the surety who has paid off one of the debts; are hot made parties, looks bad, because it admits the alledged negligence, waste, and fraud ; on this account, we are glad upon an examination of the authorities to find,- that the demurrer cannot be sustained,
 
 Patton
 
 v. Bencini, 6 Ired. Eq. 204, Mitford Plead. 175, 1 Daniel Ch. Prac. 304: and the cases there cited.
 

 Besides the fact, that the maker of the deed has a resulting trust and is liable for the debts secured, there is between him and the trustee, a particular ' relation, which entitles him, Whenever there is a mismanagement of the fund, to arrest it at once, without stopping to ascertain which of the creditors may, or may not be satisfied; putting the relation on the ground of agency, and leaving the rights of the creditors to be cared for and protected in a subsequent stage of the proceeding, on the Same principle that one member of a firm, if his partner i's
 
 *321
 
 wasting and misapplying the effects, may file a bill for an account and settlement, and for the appointment of a receiver in order to close the business, without making the creditors parties, but leaving them to come in under an interlocutory order in the cause, to have satisfaction of their debts out of the fund. There is no error.
 

 Pee Cueiam, Interlocutory order affirmed.